IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY ANDREW HULES and STEPHANIE LYNN HULES,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | NO. CV 25-10591-FMO (AGR)<br><br>**ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT RECOMMEND DISMISSAL OF COMPLAINT WITHOUT LEAVE TO AMEND** |

**I.**

**PROCEDURAL HISTORY**

Plaintiffs Jeremy Andrew Hules and Stephanie Lynn Hules filed a complaint on November 4, 2025 and paid the filing fee.  (Dkt. No. 1.)  The complaint names two categories of defendants:  (1) the County of Ventura, County Clerk-Recorder-Registrar Michelle Ascencion in her official and individual capacity, and Sr. Deputy Sheriff Sean Eskridge in his official and individual capacity (hereinafter "County Defendants"); and (2) the State of California, Governor Gavin Newsom in

1

his official and individual capacity, and Secretary of State Shirley Weber in her official and individual capacity (hereinafter "State Defendants").

For the reasons set forth below, the Court orders Plaintiffs to show cause, in writing, on or before **February 27, 2026**, why it should not recommend dismissal of the complaint without leave to amend.

## II.

## <u>LEGAL STANDARDS</u>

"[C]ourts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). "If a court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A district court may dismiss a complaint under Fed. R. Civ. P. 12(b)(6) on its own motion if it gives Plaintiffs notice of its intention to dismiss the complaint and an opportunity to file a written memorandum in opposition. *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015); *see also Belanus v. Clark*, 796 F.3d 1021, 1029 (9th Cir. 2015) ("frivolous action clogs the system and drains resources regardless of whether the plaintiff pays the filing fee or proceeds in forma pauperis").

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the

2

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citations omitted).

The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The court reviews the complaint, materials that are the subject of judicial notice, and materials "submitted as part of the complaint."  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

A *pro se* complaint is liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Plaintiffs proceeding *pro se* should be given a statement of the complaint's deficiencies and an opportunity to cure them unless it is clear the deficiencies cannot be cured by amendment.  *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).  Nevertheless, "district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely."  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).

### III.

### <u>ALLEGATIONS OF COMPLAINT</u>

Plaintiffs attempted to record a document entitled "The united states of America, And In The Republic state of California" "NOTICE OF, CERTIFICATE OF ACCEPTANCE OF DECLARATION OF LAND PATENT."  (Exh. A to Compl.)

The Clerk-Recorder-Registrar of the County of Ventura issued a Notification of Unrecordable Document pursuant to Cal. Gov't Code §§ 27203-27204.  (Exh. B to Compl.)  The Notification states that the Notice of Certificate of Acceptance of Declaration of Land Patent presented on December 1, 2023 is "unrecordable, [t]here are no provisions to record this type of document."  (*Id.*; Compl. at 4 ¶ A, at 6 ¶ F.)  The Notification states that there is a "right to judicial review of the recorder's refusal to record the document in any court of competent jurisdiction."  (Exh. B to Compl.); Cal. Gov't Code § 27203(a)(2).

Plaintiffs allege that their use of a public recording service has thereby been impaired by California and the County of Ventura.  (Compl. at 4 ¶¶ A-C.)

Plaintiffs apparently submitted to the County of Ventura documents entitled "Removal of Patented Land from Tax Rolls."  (Exh. C to Compl.)  Plaintiffs purported to "give notice of removal of patented land from the tax rolls of the County of Ventura."  (*Id.* at 3.)  Plaintiffs also submitted a document entitled "La Paz County Recording District Court of Record of the Land Jurisdiction" "Notice of Dispute, Demand and Affidavit of Status" and other attachments.  (Exh. D to Compl.)  These documents state, among other things, that Plaintiffs' "land is

4

private property and has legal and lawful protections from encumbrance (ie taxation) under settled superior law pertaining to land patents." (*Id.* at 2.)

Plaintiffs allege that the County of Ventura Treasurer-Assessor has refused to respond to Exhs. C-D despite a "lawful responsibility to respond to such claims." (Compl. at 5 ¶ E.)

Plaintiffs "stopped paying property taxes beginning with the 2024-2025 billing cycle." (Compl. at 6 ¶ I.) The County of Ventura Treasurer-Tax Collector issued a "Defaulted Secured Property Tax Bill" indicating that Plaintiffs' property taxes are in defaulted status for 2024-2025.[1] (Exh. F to Compl.) For residential property that is tax defaulted, the Defaulted Secured Property Tax Bill notifies of the "Tax Collector's power to sell 5 years after the first year of delinquency." (*Id.*) Plaintiffs contend that Cal. Rev. & Tax. Code § 3691 conflicts with the Fourth Amendment to the United States Constitution, which protects the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures. (Compl. at 6-7 ¶ I.)

Plaintiffs allege that Senior Deputy Sheriff Eskridge refused to investigate or intervene "with a felony act in the process of being committed." (*Id.* at 6 ¶ G.)

Plaintiffs allege that California, Governor Newsom, and Secretary of State Weber engaged in a "pattern of behavior under the RICO Act." (*Id.* at 7 ¶ J.)

---

[1] The complaint also alleges that their property taxes include local public school district bond assessments. (Compl. at 5 ¶ D.) Plaintiffs allege that these assessments are without rational basis because their local school system uses indoctrination instead of teaching critical thinking and problem-solving skills.

The complaint demands a jury trial and seeks relief in the form of a court order:  (1) appointing a trustee to assume control of California; (2) declaring that Plaintiffs' property is not subject to the jurisdiction of any "commercial forum or for-profit corporation" or their statutes without Plaintiff's express written consent; (3) requiring County of Ventura to record Exh. A to the complaint and any other papers presented by Plaintiffs even "where no provision exists"; (4) prohibiting the County of Ventura from assessing property taxes and local educational bonds; (5) declaring Cal. Rev. & Tax. Code 3691 unlawful and requiring the County of Ventura to cease any actions that would force a sale of Plaintiffs' property described in Exh. A to the complaint due to a tax lien; and (5) awarding damages of $11,450,000 to each plaintiff pursuant to 3571 and RICO.  (*Id.* at 11 ¶¶ A-G.)

## IV.

## **DISCUSSION**

The complaint appears barred by law, and it does not appear that the deficiencies could be cured by amendment.

### A.  Tax Injunction Act

Under the Tax Injunction Act ("TIA"), "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.  The purpose of the TIA is "to prevent federal court intrusion into state tax collection, an area which deserves the utmost comity to state law and procedure."  *Jerron West, Inc. v. California State Bd. of*

6

*Equalization*, 129 F.3d 1334, 1338 (9th Cir. 1997); *see Lowe v. Wahoe Cnty.*, 627 F.3d 1151, 1155 (9th Cir. 2010) ("The Supreme Court repeatedly has characterized the Act as a broad jurisdictional barrier, which limits drastically federal court jurisdiction to interfere with so important a local concern as the collection of taxes." (citations and quotations omitted)).

Plaintiffs' complaint expressly seeks a court order to prevent the County of Ventura from levying and assessing property tax against Plaintiffs' property, and from collecting in the future unpaid property taxes that Plaintiffs concede they do not pay. "If the owner of non-exempt real property in California fails to pay property taxes, a 'default is declared' and the property becomes '[t]ax-defaulted property.'" *Cal. Dep't of Toxic Substances Control v. Westside Delivery, LLC*, 888 F.3d 1085, 1092 (9th Cir. 2018) (citation omitted). The "tax collector has the power to sell tax-defaulted property that has not been redeemed after the property has been in default for . . . five years for residential real estate." *Tracht Gut, LLC v. L.A. Cnty. Treasurer & Tax Collector*, 836 F.3d 1146, 1153 (9th Cir. 2016) (citing Cal. Rev. & Tax. Code § 3691(a)(1)(A)). The complaint also seeks millions of dollars in damages under "U.S. Code § 3571." It is unknown to which chapter of the U.S. Code the complaint refers, but the TIA precludes an action for damages that challenges state or municipal taxation "so long as a 'plain, speedy and efficient' remedy is available in state court." *Patel v. City of San Bernardino*, 310 F.3d 1138, 1140 (9th Cir. 2002); *see Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 116 (1981) ("taxpayers are barred by the principle of

comity from asserting [42 U.S.C.] § 1983 actions against the validity of state tax systems in federal courts" and must "seek protection of their federal rights by state remedies").

The TIA bars these claims and relief in Plaintiffs' complaint so long as Plaintiffs have an adequate remedy in state court. "The state court remedy need only meet 'certain minimal procedural criteria.' Specifically, the party challenging the state tax must have access to 'a full hearing and judicial determination' of all federal constitutional objections to the tax." *Lowe*, 627 F.3d 1155 (quoting *Rosewell v. La Salle Nat'l Bank*, 450 U.S. 503, 512 (1981)). The state court remedy need not be "the best remedy available or even equal to or better than the remedy which might be available in the federal courts." *Id.* at 1155-56.

The California Constitution provides that a taxpayer may seek a refund of a disputed tax amount after the tax has been paid. Cal. Const., art. XIII, § 32 ("No legal or equitable process shall issue in any proceeding in any court against this State or any officer thereof to prevent or enjoin the collection of any tax. After payment of a tax claimed to be illegal, an action may be maintained to recover the tax paid, with interest, in such manner as may be provided by the Legislature."); Cal. Rev. & Tax. Code 4807 ("No injunction or writ of mandate or other legal or equitable process shall issue in any suit, action, or proceeding in any court against any county, municipality, or district, or any officer thereof, to prevent or enjoin the collection of property taxes sought to be collected.").

8

The Supreme Court and Ninth Circuit have held that California's refund procedures provide an adequately "plain, speedy and efficient remedy" for purposes of the TIA. *Franchise Tax Bd. of Cal. v. Alcan Aluminum Ltd.*, 493 U.S. 331, 338 (1990) ("To the extent they are available, California's refund procedures constitute a plain, speedy, and efficient remedy."); *Jerron*, 129 F.3d at 1339-40 (same); *Capitol Indus. EMI, Inc. v. Bennett*, 681 F.2d 1107, 1118 (9th Cir. 1982) (California "has a 'plain, speedy, and efficient remedy' within the meaning of Section 1341"); *see Rosewell*, 450 U.S. at 505 ("remedy which requires property owners contesting their property taxes to pay under protest and if successful obtain a refund . . . is 'a plain, speedy and efficient remedy") (citation omitted)). Plaintiffs do not allege that they are unable to pay the assessed property taxes. Even if they did so allege, a "demonstrated inability to pay a tax does not remove the jurisdictional bar of the Tax Injunction Act." *Air Polynesia v. Freitas*, 742 F.2d 546, 548 (9th Cir. 1984). California courts have concurrent jurisdiction over actions pursuant to 42 U.S.C. § 1983. *Brown v. Pitchess*, 13 Cal. 3d 518, 523 (1975).

Accordingly, the Court does not have jurisdiction over Plaintiffs' claims challenging the levy, assessment, and collection of property taxes under 42 U.S.C. § 1983 for violations of the United States Constitution.[2] *Marvin F. Poer &*

---

[2] A party has no cause of action directly under the United States Constitution and must bring such claims under 42 U.S.C. § 1983. *Azul-Pacifico, Inc. v. Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992); *see Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) ("§ 1983 merely provides a mechanism for enforcing individual rights secured elsewhere, *i.e.*, rights independently secured by the Constitution").

*Co. v. Counties of Alameda*, 725 F.2d 1234, 1235 (9th Cir. 1984) (affirming dismissal of claims for injunctive relief, declaratory relief, and damages).  This defect cannot be cured by amendment.  *Silver v. Cnty. of Los Angeles*, 2024 U.S. Dist. LEXIS 243205, *20 (C.D. Cal. Aug. 3, 2024) (dismissing claims barred by TIA without leave to amend).

Plaintiffs' citations to 18 U.S.C. §§ 241, 242 do not save these claims. Sections 241 and 242 are criminal statutes that "do not give rise to civil liability." *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming dismissal of claims); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  This defect cannot be cured by amendment.  *See Romine v. Big O Tires Corp. Hdqtrs.*, 685 Fed. Appx. 516, 517 (9th Cir. 2017) (affirming dismissal of claims under 18 U.S.C. §§ 241, 242 without leave to amend because amendment would be futile).

### B.  **Failure to Respond**

Plaintiffs appear to allege a claim based on the County's failure to respond to documents entitled "Removal of Patented Land from Tax Rolls" (Exh. C to Compl.) and "La Paz County Recording District Court of Record of the Land Jurisdiction" "Notice of Dispute, Demand and Affidavit of Status" and other attachments (Exh. D to Compl.)  Plaintiffs allege that the County of Ventura Treasurer-Assessor has refused to respond to Exhs. C-D despite a "lawful responsibility to respond to such claims."  (Compl. at 5 ¶ E.)

The complaint fails to allege any federal basis for a legal duty to respond to Exhs. C-D.  As discussed above, the California Constitution and laws provide

procedures through which a taxpayer may seek a refund of a disputed tax amount after the tax has been paid.  The complaint does not allege that Plaintiffs have availed themselves of such procedures.  Although Plaintiffs may communicate with the government outside established legal procedures, "the First Amendment does not impose any affirmative obligation on the government to listen, to respond or, in this context, to recognize the association and bargain with it." *Smith v. Arkansas State Highway Employees*, 441 U.S. 463, 464-65 (1979); *see also Minn. State Bd. for Cmty. Colleges v. Knight*, 465 U.S. 271, 285 (1984) (same); *L.F. v. Lake Washington Sch. Dist. #414*, 947 F.3d 621, 626 (9th Cir. 2020) ("First Amendment does not compel the government to respond to speech directed toward it").

The complaint alleges that the failure to respond to Plaintiffs' submission of Exhs. C-D violates due process and equal protection.  The complaint fails to state a claim for relief under either theory of liability.

A procedural due process claim has two elements:  (1) a protectible liberty or property interest; and (2) denial of adequate procedural protections.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir. 2005).  The complaint does not allege facts to support the second element.  As discussed above, California law provides a procedure by which a taxpayer who claims a tax is illegal or otherwise disputes the tax bill must pay the tax first and then pursue a refund, including by a lawsuit.  The complaint does not allege that Plaintiffs complied with this procedure or were denied the opportunity to do so.  Rather, the complaint

11

alleges the opposite – Plaintiffs "stopped paying property taxes beginning with the 2024-2025 billing cycle." (Compl. at 6 ¶ I.)

Plaintiffs' equal protection claim fares no better. The Equal Protection Clause of the Fourteenth Amendment "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an equal protection claim, the complaint must allege facts indicating that Defendants acted with an intent or purpose to discriminate against them based on their membership in a protected class. *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001). Alternatively, under a "class of one" theory, a complaint may allege that Plaintiffs "ha[ve] been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The complaint does not allege that Plaintiffs are a member of a protected class or that they were treated differently from similarly situated persons. *See Lee*, 250 F.3d at 687 (affirming dismissal of equal protection claim when crux of complaint was defendants' failure to treat plaintiffs differently from others similarly situated).

The complaint's attempt to bring this claim under federal criminal statutes is unavailing. As discussed above, 18 U.S.C. §§ 241 and 242 are criminal statutes that "do not give rise to civil liability." *Allen*, 464 F.3d at 1048; *Aldabe*, 616 F.2d at 1092. The Ninth Circuit has not recognized a private right of action under 18 U.S.C. § 1341. *Wilcox v. First Interstate Bank of Or.*, 815 F.2d 522, 533 n.1 (9th

12

Cir. 1987); *see Holscher v. Hess*, 837 Fed. Appx. 560, 560 (9th Cir. 2021) (affirming dismissal of claim under 18 U.S.C. § 1341).  The criminal statute, 18 U.S.C. § 1001, expressly applies only to the "executive, legislative, or judicial branch of the Government of the United States" and not state government. Moreover, section 1001 does not contain a private right of action and cannot be the basis of federal jurisdiction.  *Stockstill v. Fresno Dep't of Soc. Servs.*, 2020 U.S. Dist. LEXIS 46261, *32 (E.D. Cal. Mar. 17, 2020); *see also Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (18 U.S.C. § 1001 "do[es] not provide for a private right of action and [is] thus not enforceable through a civil action").

The complaint cites the Supremacy Clause, which makes the federal constitution and laws "the supreme Law of the Land; . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."  U.S. Const., art. VI, cl. 2.  The Supremacy Clause "invalidates state laws that 'interfere with, or are contrary to, federal law."  *Hillsborough Cnty., Fla. v. Automated Med. Labs., Inc.*, 471 U.S. 707, 712 (1985) (citation omitted).  However, the complaint does not identify any state law that interferes with or is contrary to any federal law.  Nor is it apparent how the Supremacy Clause would create a legal duty to respond to Exhs. C-D.

Finally, the complaint's reliance on the public trust doctrine fares no better. "The public trust doctrine remains a matter of state law."  *PPL Mont., LLC v. Montana*, 565 U.S. 576, 603 (2012); *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261,

13

285 (1997) (*Illinois Central R. Co. v. Illinois*, 146 U.S. 387 (1892), "was 'necessarily a statement of Illinois law'") (citation omitted)); *Alaska Constitutional Legal Def. Conservation Fund, Inc. v. Kempthorne*, 198 Fed. Appx. 601, 603 (9th Cir. 2006) (affirming dismissal of federal claim under public trust doctrine, which applies only to states). Thus, the public trust doctrine does not provide a basis for federal jurisdiction.[3]

### C. Notification of Unrecordable Document

A county recorder is required to "accept for recordation any instrument, paper, or notice that is authorized or required by statute, or court order to be recorded." Cal. Gov't Code § 27201(a)(1)(A). A county recorder is liable for recording "any instrument, paper, or notice, willfully or negligently, untruly, or in any manner other than that prescribed by this chapter." Cal. Gov't Code § 27203(b); *Seeley v. Seymour*, 190 Cal. App. 3d 844, 863 (1987).

Plaintiffs complain that the Clerk-Recorder-Registrar of the County of Ventura issued a Notification of Unrecordable Document pursuant to Cal. Gov't Code §§ 27203-27204 in response to their attempt to record a document entitled Notice of Certificate of Acceptance of Declaration of Land Patent. To be clear, the complaint does not allege that a Notice of Certificate of Acceptance of Declaration of Land Patent is authorized or required by statute to be recorded.

---

[3] Even under California law, the "public trust doctrine generally concerns the preservation of certain natural public resources." *Lucas v. Santa Maria Pub. Airport Dist.*, 39 Cal. App. 4th 1017, 1025 (1995); *e.g., In re Bay-Delta*, 43 Cal. 4th 1143, 1154 (2008) (noting state has affirmative duty to take public trust into account in allocating water resources). It is difficult to discern how California's public trust doctrine could apply to Plaintiffs' complaint.

Instead, the complaint cites Cal. Civ. Code § 22.2, which provides:  "The common law of England, so far as it is not repugnant to or inconsistent with the Constitution of the United States, or the Constitution or laws of this State, is the rule of decision in all the courts of this State."  As threshold matter, Plaintiffs do not allege that the common law of England requires recordation of a Notice of Certificate of Acceptance of Declaration of Land Patent.  Even assuming Plaintiffs could overcome that hurdle, the express terms of Cal. Civ. Code § 22.2 limit application of the common law of England when it is "inconsistent with" the laws of California, namely, Cal. Gov't Code §§ 27201(a)(1)(A) and 27203(b).

In any event, the Court addresses this claim separately from the claims covered by the TIA because recordation would not affect the County's ability to levy, assess, and collect property taxes on the property described in Exh. A to the complaint.  *See Eldridge v. Trezevant*, 160 U.S. 452, 468 (1896) (noting property received through federal land patent is subject to state and local regulation); *Landi v. Phelps*, 740 F.2d 710, 713-14 (9th Cir. 1984) ("United States has no continuing interest in the property" acquired through federal land patents); *Langan v. Langan*, 2023 U.S Dist. LEXIS 28519, *3 (D. Az. Feb. 21, 2023) ("Counties have the authority to initiate foreclosure proceedings on patented land when a landowner fails to pay their property taxes."); *see also Wisconsin v. Glick*, 782 F.2d 670, 672 (7th Cir. 1986) (self-drafted land patents "are frivolous gestures"); *Flores v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 40137, *4-*5 (E.D. Wis. Mar. 22, 2013) (noting proponents of land patents believe they can prevent

15

foreclosure for delinquent property taxes; courts considering these types of claims "have uniformly rejected them, with most courts deeming the claims frivolous").

The complaint fails to state a federal claim for relief based on the Clerk-Recorder-Registrar's issuance of the Notification of Unrecordable Document.  As discussed above, the complaint's attempt to bring this claim under federal criminal statutes is unavailing.  Again, 18 U.S.C. §§ 241 and 242 are criminal statutes that "do not give rise to civil liability."  *Allen*, 464 F.3d at 1048; *Aldabe*, 616 F.2d at 1092.  The Ninth Circuit has not recognized a private right of action under 18 U.S.C. § 1341.  *Wilcox*, 815 F.2d at 533 n.1; *see Holscher*, 837 Fed. Appx. at 560.  The criminal statute, 18 U.S.C. § 1001, expressly applies only to the federal government and does not contain a private right of action.  *Stockstill*, 2020 U.S. Dist. LEXIS 46261, at *32; *see also Andrews*, 483 F.3d at 1076 (18 U.S.C. § 1001 "do[es] not provide for a private right of action and [is] thus not enforceable through a civil action").

The complaint's citation to the Supremacy Clause is unavailing because Plaintiffs have not identified any federal law that allegedly preempts Cal. Gov't Code § 27201(a)(1)(A) and § 27203(b).  *Hillsborough*, 471 U.S. at 712.  To the extent the complaint alleges that the failure to record the Notice of Certificate of Acceptance of Declaration of Land Patent violates the oath of office to support the United States Constitution, any such claim is frivolous.  U.S. Const., art. VI, cl.3. The public trust doctrine does not provide a basis for federal jurisdiction because

16

the doctrine is "a matter of state law."  *PPL*, 565 U.S. at 603; *Idaho*, 521 U.S. at 285.

### D.  Failure to Investigate Felony

The complaint alleges, in conclusory fashion, that Sr. Deputy Sheriff Eskridge "refused to investigate or intervene with a felony act in the process of being committed."  (Compl. at 6 ¶ G.)  The complaint does not identify the alleged felony or provide any other facts.

Plaintiffs do not have a stand-alone federal constitutional right to an investigation of a felony.  *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) ("We can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); *Page v. Stanley*, 2013 U.S. Dist. LEXIS 80698 (C.D. Cal. May 23, 2013) ("Plaintiff had no constitutional right to any investigation of his citizen's complaint, much less a 'thorough' investigation or a particular outcome."); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").  For the reasons discussed above, the complaint fails to state a claim for relief under any other recognized constitutional right.  Therefore, the complaint fails to state a claim for relief against Eskridge.

### E.  Conspiracy to Violate Constitutional Rights

The complaint alleges that the County Sheriff's Department, Recorder's Office, Assessor's Office, and Treasurer's Office have collectively infringed upon

Plaintiffs' constitutional and federally protected rights as described above. (Compl. at 6 ¶ H.)

The complaint cites 18 U.S.C. § 241, but as discussed above, section 241 is a criminal statute that "do[es] not give rise to civil liability." *Allen*, 464 F.3d at 1048; *Aldabe*, 616 F.2d at 1092.

"Conspiracy is not itself a constitutional tort under § 1983." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc).  Absent an underlying constitutional violation, Plaintiffs do not state a claim for conspiracy. *See Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010).  Moreover, "a mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiffs must allege facts showing "the existence of an agreement or meeting of the minds to violate constitutional rights." *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010).  The complaint must allege "enough factual matter" to support a reasonable inference of conspiracy. *Bell*, 550 U.S. at 556.  The complaint contains no facts raising a reasonable inference of an agreement or meeting of the minds to violate Plaintiffs' constitutional rights.

### F.  State Defendants

The complaint improperly alleges unrelated claims against unrelated parties (the State Defendants) in a single lawsuit.  Persons may be joined as defendants if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or

18

series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  The claims asserted against the State Defendants do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and do not involved common questions of law or fact.

The complaint asserts a RICO claim against the State of California, Governor Newsom and Secretary of State Shirley Weber.  (Compl. at 7-10 ¶¶ J-K.)  Plaintiffs cannot maintain a RICO action against California and the individual defendants in their official capacity.  *Abcarian v. Levine*, 972 F.3d 1019, 1027 (9th Cir. 2020).

To state a civil RICO claim against Governor Newsom and Secretary of State Weber in their individual capacity, a complaint must allege "'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'"  *Id.* at 1028 (citation omitted).

The complaint fails to allege any cognizable predicate acts.  Although the complaint cites 18 U.S.C. §§ 241-242, violations of these statutes are not listed in the definition of "racketeering activity" for purposes of RICO.  18 U.S.C. 1961(1).  The complaint generally alleges California's failed fire and water management, failed homeless programs, failed high speed rail projects, failed public safety that permits rioting and looting, failed public education, failed border security and immigration enforcement, and failed election logistics (*e.g.*, failure to require proof

19

of citizenship for voting).  Plaintiffs' political differences with the current Governor and Secretary of State, however, do not meet the definition of racketeering activity.

The complaint also fails to allege a cognizable injury to Plaintiffs' business or property.  "[T]o establish statutory standing pursuant to RICO, a plaintiff must show . . . that his alleged harm qualifies as injury to his business or property." *Shulman v. Kaplan*, 58 F.4th 404, 410 (9th Cir. 2023) (internal quotation marks omitted).  The complaint must allege "(1) harm to a specific property interest cognizable under state law, and (2) that the injury resulted in concrete financial loss."  *Glob. Master Int'l Grp., Inc. v. Esmond Nat., Inc.*, 76 F.4th 1266, 1274 (9th Cir. 2023) (internal quotation marks and citations omitted).

### G.  State Law Claims

In the absence of federal question jurisdiction under 28 U.S.C. § 1331, the complaint does not establish federal diversity jurisdiction because the action is not between citizens of different states.  28 U.S.C. § 1332(a)(1).

"A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'"  *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (citation omitted).  Accordingly, the Court would recommend dismissal without prejudice of any state-law claims.

**V.**

**<u>ORDER TO SHOW CAUSE</u>**

For the reasons set forth above, IT IS ORDERED that Plaintiffs show cause, in writing, on or before **February 27, 2026**, why the Court should not recommend dismissal of the complaint without leave to amend.

DATED: January 27, 2026

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

21